UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**TODD RIMBEY**,

        Plaintiff,

vs.                                        Case 2:17-CV-103-Ftm-99MRM

**THE MUCKY DUCK, INC.**, and
**ANDREAS BIERI**,

        Defendants

---

**Defendants' Motion to Dismiss Plaintiff's "Amended Complaint and Demand for Jury Trial" [Doc. 14] Under Fed. R. Civ. P. 12(b)(6)**

In accordance with Fed. R. Civ. P. 12(b)(6), all defendants move this Court to dismiss plaintiffs "Amended Complaint and Demand for Jury Trial" [Doc. 14] for failure to state a claim upon which relief can be granted.

## Statement of the Precise Relief Requested

Defendants respectfully request for the Court to dismiss Pl.'s Am. Compl. [Doc. 14].

## Statement of the Basis for the Relief Requested

Plaintiff alleges defendant Bieri "owned and operated" defendant The Mucky Duck, Inc. and "regularly exercised the authority to (a) hire and fire employees … (b) discipline the employees … and (c) control the finances and operations." Pl. Compl. [Doc. 14], ¶ 7. Plaintiff also alleged defendant Bieri "was

responsible for day to day operations." Id., ¶ 8. Plaintiff, then, alleges defendant Bieri "as a result … is an individual employer under the FLSA." Id., ¶ 9. Then, plaintiff alleges defendant Bieri "was Plaintiff's Supervisor." Id., ¶¶ 10 and 49. Plaintiff goes on to make a variety of other conclusory legal conclusions in Pl. Compl. [Doc. 14], ¶¶ 11—15, 18, and 22, such as defendants being "'employers' within the meaning of the FLSA" (see ¶ 14).

In support of Count I (Discrimination in Violation of 38 U.S.C. § 4311), plaintiff alleges that defendants began paying plaintiff a salary in 1/2015 and that the salary would be "$650 per week," but reduced the pay in an amount equal to disability benefits plaintiff received "from the VA." Pl. Compl. [Doc. 14], ¶¶ 23—31. Although plaintiff alleges plaintiff is "a former marine," plaintiff claims the change in pay terms violated 38 U.S.C. § 4311 because defendants "denied a benefit of employment, i.e. the higher promised salary rate, to Plaintiff on the basis of his membership or performance of duties in uniformed service." Id., ¶¶ 20, 32, and 52. The remainder of allegations are purely statements of law or conclusory legal conclusions.

Finally, plaintiff alleges in conclusory fashion "Plaintiff "worked in excess of forty (40) hours in one or more workweeks, for which Plaintiff was not compensated at the statutory rate," yet does not specify which time period or periods are in question nor the number of hours at issue. Id., ¶ 57. The

remainder of allegations as to Count II (Recovery of Overtime Compensation) are purely statements of law or conclusory legal conclusions.

### Memorandum of Legal Authority in Support of the Request

Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. … While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678—79 (2009).

### I.   Count I (Discrimination in Violation of 38 U.S.C. § 4311)

"[A]n employer shall be considered to have engaged in prohibited conduct under § 4311(a) only if the employee's military status is a 'motivating factor.'" <u>Francis v. Booz, Allen & Hamilton, Inc.</u>, 452 F. 3d 299, 306 (4th Cir. 2006). 20 C.F.R. § 1002.5(d)(1) defines an "employer" as "any person … that has control over employment opportunities." An employee alleging a claim under § 4311 has the burden of proving the employer discriminated based on a status or activity protected by USERRA. 20 C.F.R. § 1002.22. A claimant must establish a prima facie case of discrimination by showing protected status was a motivating factor in the adverse employment action by a preponderance of the evidence. <u>Brandasse v. City of Suffolk, Va.</u>, 72 F. Supp. 2d 608, 617 (E.D. Va. 1999). 20 C.F.R. § 1002.5(b) defines "benefit of employment" to mean:

>any advantage, profit, privilege, gain, status, account, or interest (*other than wages or salary for work performed*) that accrues to the employee because of an employment contract, employment agreement, or employer policy, plan, or practice

(*emphasis* added).

Count I fails with respect to defendant Bieri because plaintiff's allegations do not set forth do not meet the Iqbal standard as they set forth nothing beyond conclusions. Pl. Compl. [Doc. 14], ¶¶ 7—9, 11—15, 18, 22, and others. While plaintiff alleges defendant Bieri "was Plaintiff's Supervisor" at ¶¶ 10 and 49, defendant is not an "employer" under 20 C.F.R. § 1002.5(d)(1) unless "Supervisor" encompasses "control over employment opportunities." There is no way to know that because plaintiff doesn't allege the role includes that type of "control."

Count I also fails with respect to all defendants because 20 C.F.R. § 1002.5(b) excludes "wages or salary for work performed" from the definition for "benefit of employment." The only discriminatory act plaintiff alleges is defendants "denied a benefit of employment, i.e. the higher promised salary rate, to Plaintiff." Pl. Compl. [Doc. 14], ¶¶ 32 and 52. The alleged act simply is not actionable.

Another reason Count I should fail as to all defendants is because plaintiff does not allege military status was a motivating factor in the alleged discrimination. Francis at 306. Though plaintiff alleges plaintiff is "a former marine" and defendants discriminated against "Plaintiff on the basis of his

membership or performance of duties in uniformed service," the gravamen is not the state of service, but that defendants reduced plaintiff's future promised pay by the amount of disability income plaintiff received from formerly serving as a marine.  Pl. Compl. [Doc. 14], ¶¶ 20, 26, 27, 32, and 52.  Under 38 U.S.C. § 4311(a): discrimination can only occur when "a person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service" is discriminated against on that basis.  That isn't the case here.

## II.  Count II (Recovery of Overtime Compensation)

29 U.S.C. § 203(d) defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  Like in Count I, Count II fails with respect to defendant Bieri because plaintiff's allegations do not meet the <u>Iqbal</u> standard as they set forth nothing beyond conclusions.  Pl. Compl. [Doc. 14], ¶¶ 7—9, 11—15, 18, 22, and others.  While plaintiff alleges defendant Bieri "was Plaintiff's Supervisor" at ¶ 10, plaintiff does not allege at any point that defendant Bieri acted "in the interest of" defendant The Mucky Duck, Inc."

Furthermore, plaintiff does not allege anything beyond conclusions with respect to the alleged injury.  Plaintiff does not specify which time period or periods are in question nor the number of hours at issue.  Pl. Compl. [Doc. 14], ¶

57. Other allegations assert naked conclusions (like, defendants do not maintain records at ¶ 59 and did not disclose rights to plaintiff at ¶ 61). Count II, absent any allegations meeting the <u>Iqbal</u> standard, fails as to all defendants.

## Conclusion

For the reasons stated in this motion, defendants respectfully request for the Court to grant this motion, dismiss Pl.'s Am. Compl. [Doc. 14], and grant all other appropriate relief.

Dated 5/8/2017

Respectfully submitted,

/s/ Charles PT Phoenix
Charles PT Phoenix, Trial Counsel
The Florida Bar No. 0535591
Email cptp@RhodesTucker.com

RHODES TUCKER
2407 Periwinkle Way, Suite 6
Sanibel FL 33957
Telephone:   (239) 472-1144

**Certificate of Service**

I hereby certify that on 5/8/2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  none.

Dated 5/8/2017

/s/ Charles PT Phoenix
Charles PT Phoenix, Esq.
The Florida Bar No.  0535591

{2985-2985.001 00096060.DOC;1}