```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TODD RIMBEY,

      Plaintiff,

v.                                           Case No: 2:17-cv-103-FtM-99MRM

THE MUCKY DUCK, INC., a Florida corporation and ANDREAS BIERI, individually,

      Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #19) filed on May 9, 2017. Plaintiff filed a Response in Opposition (Doc. #25) on June 6, 2017. For the reasons set forth below, the motion is denied.

### I.

On February 16 2017, plaintiff Todd Rimbey (plaintiff or Rimbey), a disabled military veteran, filed a two-count Complaint (Doc. #1) and is currently proceeding on two-count Amended Complaint (Doc. #14) against his former employers, Mucky Duck, Inc. and Andreas Bieri (collectively "defendants"). Plaintiff alleges discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq. (USERRA) (Count 1), and failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA) (Count 2). Bieri was

plaintiff's direct supervisor, and owns and operates Mucky Duck. (Id. ¶ 7, 9.)

According to the Amended Complaint, defendants hired plaintiff in October 2013 to work as a non-exempt, hourly paid parking lot attendant. (Doc. #14, ¶ 19.) Because plaintiff is a former marine and disabled veteran, he receives disability benefits from the Department of Veterans Affairs. (Id. ¶ 21.) In January 2015, defendants began paying plaintiff a salary of $650 per week. (Id. ¶¶ 23, 36.) However, before paying plaintiff, defendants asked plaintiff the amount he receives in VA benefits. (Id. ¶ 25.) After informed of the amount, Bieri made the decision to reduce plaintiff's pay by the same amount. (Id. ¶¶ 26, 27.) Although his title never changed from "parking lot attendant," plaintiff's duties changed over time to include maintenance work, grounds keeping, plumbing, and electrical work. (Id. ¶ 19.) Plaintiff's job duties did not change when he was made a salaried employee. (Id. ¶ 37.)

From October 2013 to January 2015, while an hourly employee, plaintiff was paid correctly for most of his overtime. (Doc. #14, ¶ 34.) However, during this time, defendants deducted one hour for lunch daily, even though plaintiff did not get a meal break, resulting in six hours of unpaid overtime per week. (Id. ¶ 35.) At other various times, plaintiff worked in excess of forty hours per week but defendants filed to compensate him at one and one

half times plaintiff's regular rate of pay for all hours worked in excess of forty hours. (Id. ¶¶ 39-41.) Once a salaried employee, defendants stopped paying plaintiff overtime compensation. (Id. ¶ 38.)

Defendants seek dismissal of both counts for failure to state a claim on four grounds: (1) claims for "wages or salary" are not a "benefit of employment" under the USERRA; (2) plaintiff has not alleged that his military status was a "motivating factor" in reducing plaintiff's pay; (3) plaintiff has insufficiently pled Bieri's role to qualify him as an "employer" under the FLSA and the USERRA; and (4) plaintiff's allegations under the FLSA count are not specific as to time period.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. USERRA Discrimination Claim (Count 1)**

The USERRA protects members of the military from discrimination and retaliation in employment on the basis of their military service. 38 U.S.C. § 4311. Under the USERRA, discrimination is "defined broadly to include the denial of

- 4 -

'employment, reemployment, retention in employment, promotion, or any benefit of employment' because of military service." <u>Wooldridge v. City of Melbourne</u>, 212 F. Supp. 3d 1205, 1209 (M.D. Fla. 2015).

Defendants argue that plaintiff's USERRA discrimination claim fails because wages or salary are not considered a "benefit of employment" under the Act, citing to a Code of Regulations provision last amended in 2006. (Doc. #19, pp. 3-4, citing 20 C.F.R. § 1002.5(b).)[1] Plaintiff responds that this definitional language was amended in 2010 by the Veterans Benefit Act, to specifically include wages and salary as a "benefit of employment" under the USERRA, prohibiting wage discrimination against members of the armed forces. <u>See</u> 38 U.S.C. § 4303(2). The definitional language now reads: "The term 'benefit,' 'benefit of employment,' or 'rights and benefits' means any advantage, profit, privilege, gain, status, account, or interest (<u>including wages or salary for work performed</u>) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice . . . ) (emphasis added).[2] Here, plaintiff is clearly alleging that

---

[1] The 2006 definition read: "any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues to the employee because of an employment contract, employment agreement, or employee policy, plan, or practice. . . ."  20 C.F.R. § 1002.5(b).

[2] Prior to the 2010 amendment, courts had noted that the exception meant that there was no cause of action is an employer

- 5 -

defendants reduced his pay (an adverse employment action) because of his military service, falling within the definition of a benefit of employment. Therefore, dismissal on the basis of the definition fails.

Defendants argue that Count 1 also fails because plaintiff has not alleged that his military service was a "motivating factor" in the decision to reduce plaintiff's pay. This argument is without merit. Plaintiff alleges that Bieri intentionally took the action of reducing plaintiff's pay because of the military benefits, and intended the adverse consequences; and but for Bieri's action plaintiff would have been paid a higher salary. (Doc. #14, ¶¶ 28-33.) Plaintiff further alleges that his military service was a motivating factor in defendants' adverse employment action. (Id. ¶¶ 31, 51.) Because plaintiff has stated a plausible claim that plaintiff's military status was a motivating factor in the decision to reduce plaintiff's pay, the motion to dismiss in this regard is denied.[3] See Woodbridge, 212 F. Supp. 3d at 1209-10 (noting that to state a prima facie case for discrimination under the USERRA, a plaintiff need allege only that his military membership was a motivating factor in the decision to deny a

---

paid an employee a lower starting salary because of the employee's military background. See, e.g., Gagnon v. Sprint Corp., 284 F.3d 839, 852-53 (8th Cir. 2002).

[3] Whether plaintiff's military status was indeed a motivating factor is not a relevant inquiry at the motion to dismiss stage.

benefit of employment, which need not be the sole factor in the decision).

**B. Individual Liability under the FLSA and the USERRA**

Defendant Bieri, who is the owner of Mucky Duck, moves to dismiss the Amended Complaint against him, arguing that he cannot be held individually liable because the Amended Complaint does not contain any allegations that Bieri had control over employment opportunities.  (Doc. #19, p. 4.)

**(1) FLSA**

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  An officer or owner who is either "involved in the day-to-day operation [of a corporate entity] or [has] some direct responsibility for the supervision of the employee" can be held jointly and severally liable as an employer under the statute.  Alvarez Perez v. Sanford–Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008).  "[W]hile control need not be continuous, it must be both substantial and related to the company's FLSA obligations."  Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1314 (11th Cir. 2013).

Here, plaintiff has stated a plausible claim under the FLSA against Bieri as he alleges that Bieri is the owner and operator of Mucky Duck who regularly exercised authority to hire, fire, and discipline employees, and supervised and controlled plaintiff's

work schedule and conditions of employment, determining his pay, which the Court accepts as true and takes in a light most favorable to plaintiff in deciding a Rule 12(b)(6) motion to dismiss. (Doc. #14, ¶¶ 7-9.); Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore, defendants' motion to dismiss the FLSA claim against Bieri is denied.

### (2) USERRA

The USERRA defines "employer" as "any ***person***, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities including ... a person, institution, organization, or other entity to whom the employer has delegated the performance of employment related responsibilities." 38 U.S.C. § 4303(4)(A) (emphasis added). USERRA expressly creates two private causes of action: (1) an action brought by an individual against a State (as an employer); and (2) an action brought against a private employer, which may be brought in either state or federal court. See 38 U.S.C. § 4323(a)(2)-(3).

Plaintiff plausibly alleges that Bieri is the owner/operator of the corporate defendant, and not only had the authority to hire and fire employees, but was plaintiff's supervisor, and actually made the adverse decision to reduce plaintiff's salary in the amount of his military benefits (thus controlling plaintiff's employment opportunities). These allegations put Bieri within the

definition of "employer" under the USERRA. (Doc. #14, ¶¶ 7, 10, 27, 28.) Therefore, defendants' motion to dismiss the USERRA claim against Bieri is denied.

### C. Overtime Compensation Time Period

Finally, defendants argue that plaintiff does not specify which time period or the number of hours he alleges that defendants failed to pay him overtime compensation. This argument fails. Plaintiff plausibly alleges that he was not paid proper overtime from at least October 2013 through November 2016, which the Court accepts as true. (Doc. #14, ¶ 57.) Plaintiff also alleges that defendants failed to pay six hours of overtime per week during this period. (Id. ¶ 35.) Additional amounts may be revealed during discovery, but these allegations are sufficient. The motion to dismiss on this basis is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion to Dismiss (Doc. #19) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of June, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record